## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**WILLIAM DOUGLAS COPE, III**                                                      **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:15-CV-P255-TBR**

**JEFFERSON COUNTY PROBATION/PAROLE OFFICE et al.**       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, William Douglas Cope, III, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections, sues the Jefferson County Probation/Parole Office and Probation Officers Chris Query and Cris Bennitt in their official capacities. He states that on November 4, 2014, he went to see his probation officer to turn in a change of residence on his sex offender registry in order to maintain compliance. Defendant Query saw him instead of his assigned officer, Defendant Bennitt. Plaintiff states that he showed Defendant Query bond receipts in which Mrs. Wanda Wilson had made full cash bond on him and told him that she had an active E.P.O. with a no-contact order against him from May 19, 2014. Defendant Query told Plaintiff that Plaintiff had "no choice but to register the information she listed on the bond receipts as my address on the registry due to the rules of my supervision on misdemeanor probation." According to the complaint, Defendant Query told Plaintiff that "the statutes only protect the female in a court of law, she can come around me but I

have to leave if she does. He said legally she could stalk me and I'd have to call police every time we have a incident such as the ones I reported on November 11, 2014." Plaintiff alleges that he filed charges against Mrs. Wilson on November 11, 2014. He states that "the 4th Division substation . . . laughed at me for my attempt to report Mrs. Wilson's threats to kill me with a loaded gun." Plaintiff states that he called in several reports that day and that:

> Probation and Parole overlooked my request to be escorted to a ½ way house until court date, they laughed refusing to help me because I was a sex offender being stalked by a deranged woman trying to kill me over my disability back payments and my food stamp benefits she accessed and used the entire time I been in custody.

Plaintiff states that he has been "neglected and ignored, as well as discriminated against due to being registered sex offender on the states registery." As relief, Plaintiff requests monetary and punitive damages and injunctive relief in the form of "giving [him] the past 10 months on registry."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims for monetary damages*

Although Plaintiff refers to the "Jefferson County Probation/Parole Office," the Office of Probation/Parole is actually a state agency within the Justice and Public Safety Cabinet of the Commonwealth.  *See White v. Franks*, No. 2001-CA-001018-MR, 2003 WL 22520440, at *4 (Ky. Ct. App. Nov. 7, 2003) (noting that the Kentucky Parole Board is an agency of state government); Ky. Rev. Stat. Ann. § 12.250, as amended.

The Court lacks subject-matter jurisdiction over Plaintiff's claims for monetary and punitive damages against the Office of Probation/Parole, a state agency, by operation of the Eleventh Amendment to the U.S. Constitution.  The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"  *Id*. (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

Similarly, the Court lacks subject-matter jurisdiction over official-capacity claims against Defendants Query and Bennitt. Claims against employees of a state agency in their official capacities are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Because Plaintiff's claims against the Office of Probation/Parole and Defendants Query and Bennitt in their official capacities for monetary damages are barred by the Eleventh Amendment, the Court will dismiss them under Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### *Claim for injunctive relief*

Plaintiff does ask for injunctive relief, which theoretically could trigger the exception to the Eleventh Amendment under the fiction created by *Ex Parte Young*, 209 U.S. 123 (1908), where a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations. *See Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002). However, Plaintiff's only request for injunctive relief is to "giv[e] [him] the past 10 months on registry." This request for injunctive relief is completely unclear. Nor does it seem to flow from the allegations of the complaint. Moreover, it appears to be a request for retrospective relief, not prospective relief as required by *Ex parte Young*. *See Huff v. First Energy Corp.*, No. 5:12cv2583, 2013 WL 3715174, at *5 (N.D. Ohio July 15, 2013) ("Both the Supreme Court and the Sixth Circuit have made clear that the *Ex parte Young* exception does not extend to retrospective relief; rather, it applies only to prospective injunctive and declaratory relief."). Because the complaint "does not specify any particular prospective injunctive or declaratory relief nor is the nature of any such relief otherwise apparent on the face of the complaint," *id.*,

4

the Court finds that the *Ex parte Young* exception does not apply. *See id.* at 6. Therefore, the claim for injunctive relief will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc: Plaintiff, *pro se*
4413.009